UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN L. LERCH,

    Plaintiff,

 v.            Case No. 05-C-484

CITY OF GREEN BAY, et al,

    Defendant.

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

  This is a pro se civil rights action instituted by plaintiff John Lerch, who owns several older rental properties in the City of Green Bay. Lerch alleges in his complaint that the city has embarked upon a program of harassment and intimidation by issuing citations for building code violations on his properties without providing him a warning and an opportunity to remedy the alleged violations. He asserts fifteen separate claims alleging violations of his right to equal protection of the law. In addition to damages, injunctive relief and attorney's fees, Lerch also seeks a temporary restraining order against the building inspectors who have issued the citations.

  A temporary restraining order may be granted without written or oral notice to the adverse party only if:

> "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

Implicit in the requirement that irreparable injury be shown is the requirement that there be some likelihood of the success on the merits. When the threatened injury, however, is grave and clearly irreparable, less of a showing of a likelihood of success is required. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 2d Section 2951 at 266-67 (West 1995).

Judged by these standards, Lerch's motion for a temporary restraining order must be denied. The complaint fails to allege facts that would support a finding that failure to grant such extraordinary relief would result in irreparable harm to Lerch. The very fact that citations have been issued indicates that the city has commenced a legal proceeding against Lerch where he is free to raise the same defenses he asserts in his federal lawsuit. Given this fact, it is highly likely that federal jurisdiction should be declined under the abstention doctrine first announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine, a person who is charged with having violated a state or local statute or ordinance may not bring a federal action where the state has instituted a criminal or enforcement proceeding against him and he has a federal defense. *See Nader v. Keith*, 385 F.3d 729, 731-32 (7th Cir. 2004). Thus, I conclude that Lerch has also failed to establish a reasonable likelihood of success on the merits.

Based upon the foregoing, it would be improper to issue a temporary restraining order enjoining the city officials from performing their duties with respect to Lerch's properties. Accordingly, his motion for a temporary restraining order is denied.

**SO ORDERED**.

Dated this   3rd   day of May, 2005.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge

2

Case 1:05-cv-00484-WCG   Filed 05/03/05   Page 2 of 2   Document 2