UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN L. LERCH,

        Plaintiff,

v.                                   Case No. 05-C-0484

CITY OF GREEN BAY, *et al.*,

        Defendants.

**ORDER**

On May 2, 2005, Plaintiff John L. Lerch filed a civil rights action under 42 U.S.C. § 1983, accusing defendants (the City of Green Bay and three of its housing inspectors) of violating his constitutional rights by harassing him, issuing arbitrary and unjustified citations on various real property, and illegally disposing of personal property owned by his tenants. Plaintiff also made various state law claims arising out of the same facts. Plaintiff sought a temporary restraining order and permanent injunctive relief as well as damages in excess of $750,000. On May 3, 2005, the court denied plaintiff's motion for a temporary restraining order, due to plaintiff's failure to show irreparable harm and a likelihood of success on the merits. Defendants answered the complaint and denied liability on May 13, 2005.

On September 30, 2005, without motion, request, or any supporting documents, plaintiff filed an amended complaint alleging that defendants had condemned and ordered razed a property different from those alleged in the original complaint to have been cited for violations. The numbering in this amended complaint picks up where the numbering in the original complaint left

off. On January 4, 2006, plaintiff filed a request to amend his complaint again to make allegations of additional citations and another condemnation. The amended complaint accompanying this request is numbered from where the first amended complaint ended.

Fed. R. Civ. P. 15(a) permits a party to amend his pleadings once as a matter of course before a responsive pleading is served. After that, a party may amend only by leave of the court or with the written consent of the adverse party. Moreover, "[a]ny amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L.R. 15.1. The court cannot determine whether plaintiff intended his amended complaints to supplement the preceding complaints or to supersede them. The former appears more likely, and if that is indeed the case, neither amended complaint complies with Civil L.R. 15.1. Accordingly, both amended complaints will be stricken. If plaintiff wishes to file further amendments, he must either move for leave to do so or submit with his amended pleadings defendants' written consent to the amendment. Furthermore, any amended pleadings must comply with Civil L.R. 15.1.

**IT IS THEREFORE ORDERED** that plaintiff's amended complaints (Docket #18 and #22), as well as defendants' answer and amended answer to the amended complaint (Docket #19 and #20) are hereby **STRICKEN.**

Dated this   26th   day of January, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge